George **MARK**, d/b/a Mark Grain Co., Appellant,

v.

**UNION PACIFIC RAILROAD CO.,**
Appellee.

No. 5536.

United States Court of Appeals Tenth Circuit.

April 19, 1957.

Byron M. Gray, Topeka, for appellant.

O. B. Eidson, Topeka, Kan. (Carl E. Enggas and Melvin J. Spencer, Kansas City, Mo., were with him on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from a summary judgment denying recovery of damages for the loss of a carload of wheat in the yards of the appellee-carrier by an unprecedented flood. The trial court held under stipulated facts that there was a negligent delay in switching the car from the appellee's yards to a subsequent carrier, but that the proximate cause of the loss was an act of God—the flood.

On July 6, 1951, the appellant delivered a car of wheat to the appellee at Chapman, Kansas, for transportation to Kansas City, Missouri, consigned to appellant's agent. The car arrived during the early morning hours of July 8, and on July 9, the agent delivered to appel-

lee a "switching order", directing that the car be switched from appellee's terminal to the Gulf, Mobile and Ohio Railroad Co. for delivery to the Alton Elevator in Kansas City. On July 10 and 12, the appellee transferred other cars to this railroad, but no explanation is offered for the failure to transfer appellant's car because all records of the appellee were lost during the flood. On July 13, the waters of the Kansas River overflowed the levees, inundating the yards of the appellee and destroying the shipment in question.

Unlike Ismert-Hincke Milling Co. v. Union Pac. R. Co., 10 Cir., 1956, 238 F.2d 14, we have no occasion to consider whether negligent delay in shipment concurred with an act of God to impose liability upon the carrier. Instead, liability in this case is sought to be established on the theory of tortious detention based upon failure of the carrier to comply with a "demand for delivery" (the switching order) within a reasonable time.

 The theory finds formidable support in Henry v. Atchison, T. & S. F. Ry. Co., 1910, 83 Kan. 104, 109 P. 1005, 28 L.R.A.,N.S., 1088, where the Kansas court held that the failure of the carrier to deliver goods to the shipper on demand amounted to a tortious detention which was likened unto an actionable conversion. It is based upon the ancient rule, succinctly stated in Watt v. Potter, 29 Fed.Cas. p. 438, No. 17291, that "whoever undertakes tortiously to deal with the property of another as his own or tortiously detains it from the owner, is in contemplation of law, guilty of a conversion of it."

This rule is derived from maritime law which imposed liability upon seafaring carriers for cargo losses incurred by an act of God while adventureously wandering from the usual route. David v. Gar-

rett, 6 Bingham 716 (Eng.); Calderon v. Atlas Steamship Co., D.C., 64 F. 874, 877, reversed on other grounds, 170 U.S. 272, 18 S.Ct. 588, 42 L.Ed. 1033; 9 Am.Jur., Carriers, § 472; see also Annotation 33 A.L.R.2d 145; and see Farr v. Hain Steamship Co., 2 Cir., 1941, 121 F.2d 940, 944; Western Lbr. Mfg. Co. v. U. S., D.C., 9 F.2d 1004, 1007; St. Johns N. F. Shipping Corp. v. S. A. Companhia Geral Commercial do Rio de Janerio, 263 U.S. 119, 124, 44 S.Ct. 30, 68 L.Ed. 201.

The Henry case is said to reapproach the common law absolute liability of a carrier. And, we are urged to embrace its philosophy and rationale lest we further restrict carrier liability. The reasoning there is indeed salutary and compelling. But the court was careful to draw a clear and valid distinction between mere negligent delay in transporting goods subsequently injured by an act of God, see Rodgers v. Missouri Pac. Ry. Co., 1907, 75 Kan. 222, 88 P. 885, 10 L.R.A.,N.S., 658, and Memphis & C. Railroad Co. v. Reeves, 10 Wall., 176, 77 U.S. 176, 19 L.Ed. 909, and a gross "departure from the line of duty" or "deviation from the usual route" amounting to an actionable wrong or misfeasance, even in the face of an act of God.

 It is therefore incumbent upon the shipper to show not only negligent delay, but a course of conduct from which positive wrongdoing or misfeasance may be inferred—such as a voluntary departure from the customary or usual route or "deliberate flouting or ignoring" of shipper's instructions.

 The trial court here could not so construe the "unexplained delay", and we agree. No other proof having been adduced, the case was ripe for summary judgment. The judgment is therefore affirmed.